**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 246.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. DAHLING.

[Cite as *Disciplinary Counsel v. Dahling*, 2000-Ohio-58.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Aiding a nonlawyer in the unauthorized practice of law—Neglect of an entrusted legal matter— Failing to seek lawful objectives of client—Failing to carry out contract for professional services—Prejudicing or damaging client during course of professional relationship—Failing to maintain identifiable bank account in which no funds of lawyer are deposited except funds belonging in part to client and in part potentially to lawyer—Failing to maintain complete records of client funds and property in lawyer's possession— Failing to promptly pay client funds in lawyer's possession that client is entitled to receive.*

(No. 00-758—Submitted July 6, 2000—Decided October 25, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 98-94 and 99-170.

————————————

{¶ 1} Based on a grievance submitted in July 1998 by United States Bankruptcy Judge William T. Bodoh of the Northern District of Ohio, and, after investigation, relator, Office of Disciplinary Counsel, filed an amended forty-four-count complaint on March 24, 1999, charging respondent, Alfred Dahling of Geneva, Ohio, Attorney Registration No. 0011067, with numerous violations of the Code of Professional Responsibility. Respondent failed to answer, and the matter

was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). On January 13, 2000, relator filed a motion for default, attaching ninety-five exhibits and a transcript of a hearing in the United States Bankruptcy Court before Judge Bodoh to document the allegations in the amended complaint.

{¶ 2} Based on the allegations, the exhibits attached to the motion for default, and the testimony from the nine witnesses at the hearing before Judge Bodoh in August 1998, the panel found that from late 1996 through October 1998, over thirty clients retained respondent to file bankruptcy cases for them and paid him fees ranging from $200 to $850. It found that respondent did not file the cases, did not return the fees, and did not return the clients' papers to them. In some other bankruptcy cases, respondent directed his secretaries to sign his signature on bankruptcy petitions, failed to counsel his clients, forged his clients' signatures, did not correct their bankruptcy schedules when appropriate, and did not appear at scheduled hearings. In four instances, respondent failed to file divorce or dissolution cases after having received retainers from his clients to do so. In addition, respondent commingled his advance fees with his personal accounts.

{¶ 3} The panel concluded that respondent's conduct violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), 3-101(A) (a lawyer shall not aid a nonlawyer in the unauthorized practice of law), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of the client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional services), 7-101(A)(3) (a lawyer shall not prejudice or damage a client during the course of the

professional relationship), 9-102(A)(2) (a lawyer shall maintain an identifiable bank account in which no funds of the lawyer are deposited except funds belonging in part to a client and in part potentially to the lawyer), 9-102(B)(3) (a lawyer shall maintain complete records of funds and other property of the client in the lawyer's possession), and 9-102(B)(4) (a lawyer shall promptly pay to the client funds in the lawyer's possession that the client is entitled to receive).

{¶ 4} The panel granted relator's motion for default and recommended that the respondent be disbarred from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

_____

***Per Curiam.***

{¶ 5} We adopt the findings, conclusions, and recommendation of the board. Respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____